**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FRANKLIN MARONE,

                                    Plaintiff,

            - v -                                                     Civ. No. 1:08-CV-658
                                                                           (LEK/RFT)

GREENE COUNTY PROBATION DEP'T;
BARBARA A. VALICENTI, *Director of Probation*
*Individually and in her Official Capacity*; ALAN FRISBEE,
*Senior Probation Officer, Individually and in his Official*
*Capacity*; KEVIN P. CONWAY, ESQ., *Individually and*
*in his Official Capacity*,

                                    Defendants.

**APPEARANCES:**                                          **OF COUNSEL:**

FRANKLIN MARONE
04-A-5019
Plaintiff, *Pro se*
Otisville Correctional Facility
Box 8
Otisville, New York 10963

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                    **REPORT RECOMMENDATION and ORDER**

        The Clerk has sent to the Court for review a civil rights Complaint, pursuant to 42 U.S.C.

§ 1983, from *pro se* Plaintiff Franklin Marone, who is currently incarcerated at Otisville

Correctional Facility. Dkt. Nos. 2, Compl.[1] & 12, Am. Compl. Plaintiff has also filed a Motion to

Proceed *In Forma Pauperis* and an Inmate Authorization Form. Dkt. No. 1.

_____

        [1] The original Complaint in this matter was filed in the Southern District of New York and was transferred to
this Court on June 4, 2008, by Order of the Honorable Kimba M. Wood, Chief United States District Judge. Dkt. No.
5. Accompanying the filing of Plaintiff's Complaint was an Affidavit and proposed Order to Show Cause, in which he
included a Temporary Restraining Order. Dkt. Nos. 3 & 4. On July 2, 2008, after the matter had been transferred to this
District, the Honorable Lawrence E. Kahn, Senior United States District Judge, issued an Order rejecting Plaintiff's
unsigned Order to Show Cause for failure to comply with the Local Rules of Practice of this District. Dkt. No. 11.
Plaintiff thereafter amended his Complaint as of right. Dkt. No. 12.

## II. DISCUSSION

### A.  *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

### B.  Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573

(S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. §

1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that

"§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their

constitutional rights").

Though Plaintiff's Amended Complaint is sparse, the Court gleans the following

information.  In or about September 2004, Defendants Barbara Valicenti, Director of Greene County

Probation Department, and Alan Frisbee, Senior Probation Officer of Greene County Probation

Department, allegedly included false information in the Plaintiff's pre-sentence report (PSR), which

was purportedly utilized by the state trial judge in rendering a sentence, on September 14, 2004, for

Plaintiff's state convictions.[2]   Dkt. No. 12, Am. Compl. at Part III.C.  These allegedly false

statements were procured from Defendant Kevin Conway, an attorney who was not involved in

Plaintiff's state criminal prosecution, but is alleged to represent certain of Plaintiff's victims in other

civil actions being litigated (or that have been litigated) against Plaintiff.  *Id.*  Some of the allegedly

false statements include Conway's description of Plaintiff's crime as a "Ponzi scheme"[3] as well as

an inflation of Plaintiff's possessions indicating Plaintiff owned boats, ten cars, and took European

trips, whereas Plaintiff claims he only had one boat and made only one trip to Europe, not multiple.

---

[2] The Court takes judicial notice of the fact that according to the New York State Department of Correctional Services (DOCS) website, Plaintiff was received into DOCS custody on September 21, 2004, after being convicted of 1st Degree Grand Larceny–Not Auto (a Class B Felony) and 1st Degree Scheme to Defraud (a Class E Felony).  Plaintiff was sentenced to an indeterminate term of incarceration of six to eighteen years.  Greene County is listed as the County of Commitment and Plaintiff's earliest parole eligibility date, provided he can establish merit, is listed as March 14, 2010. DOCS Inmate Locator Website, *available at* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ000 (last visited September 26, 2008).

[3] According to the United States Securities and Exchange Commission, Ponzi schemes are a "type of illegal pyramid scheme named for Charles Ponzi who duped thousands of New England residents into investing in a postage stamp speculation scheme back in the 1920s. . . . Decades later, the Ponzi scheme continues to work on the 'rob-Peter-to-pay-Paul' principle, as money from new investors is used to pay off earlier investors until the whole scheme collapses." *See* U.S. Securities and Exchange Commission Website, *available at* http://www.sec.gov/answers/ponzi.htm (last visited September 26, 2008).

*Id*. Plaintiff also claims he never had ten cars "at one time." *Id*.

The PSR has since been included in Plaintiff's inmate file. Plaintiff asserts that the inclusion of this document, which he believes contains false information, creates a stigma for him which affects administrative decisions such as parole eligibility, work release opportunities, and other matters that can "delay or preclude any release." *Id*. at Part IV. Plaintiff seeks to have the Defendant Probation Officers remove/expunge his PSR and all authorities in possession of the PSR to remove such and replace with a new PSR. *Id*. at Part V. Plaintiff emphasizes that without this injunctive relief, there is "a likelihood of substantial collateral consequences [which] will occur." *Id*. He also seeks monetary damages against Defendant Conway. *Id*.

### *1. Ripeness*

We must first assess whether Plaintiff's claim is ripe for review. The purpose of the ripeness doctrine is to prevent the "premature adjudication of issues that may never arise." *Cooke v. Gen. Dynamics Corp.*, 1998 WL 696013, at *1 (D. Conn. Sept. 11, 1998); *see also Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) ("[A]n Article III court cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks and citations omitted)). Because the ripeness doctrine derives from Article III limitations on judicial power, the court may raise the issue *sua sponte*. *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993). "[W]hen resolution of an issue turns on whether there are nebulous future events so contingent in nature that there is no certainty they will ever occur, the case is not ripe for adjudication." *Thomas v. City of New York*, 143 F.3d at 34 (internal quotation marks and citations omitted).

It appears that the crux of Plaintiff's request for recourse is the inclusion of the PSR in his

inmate file, which he believes creates a stigma, resulting in "a likelihood of substantial collateral consequences [which] will occur."  Am. Compl. at Part V.  Presumably, the collateral consequences to which he speaks are the potential that the information in his PSR will be used as a basis for denial of participation in an array of programs, such as work release and parole.  Plaintiff has not, however, identified a particular program he has actually been denied access to due to the information included in the PSR.  And, according to the New York State Department of Corrections (DOCS) Website, Plaintiff is not even eligible for parole, assuming he can establish merit, until March 14, 2010.  *See* NYS DOCS Inmate Locator Website, *available at* http://nysdocslookup.docs.state.ny.us; *see supra* note 2.  In this regard, assuming he is challenging the presumed consequence of denied participation in programs, it appears that Plaintiff's § 1983 claim is not yet ripe for judicial review as he has not yet endured any of the injuries he identifies will befall him.  And, even if he could identify a single program he's been denied access to, his recourse would be to challenge the individuals who made such determinations, either administratively or judicially, not to sue the Probation Officers who, aside from including the allegedly false information in the PSR, played no role in the actual decision-making process of Plaintiff's eligibility to participate in such programs.

Thus, to the extent Plaintiff challenges the potential stigma which may affect his eligibility to participate in various correctional programs, such claim should be dismissed as not ripe for review.  While normally we would allow a *pro se* Plaintiff an opportunity to amend his claims, such would be futile in this instance as the named Defendants play no role in the actual decision to deny Plaintiff's participation.

### 2.  Absolute Immunity

If, instead, by his § 1983 Complaint, Plaintiff asserts a due process violation stemming from the inclusion of allegedly false information in the PSR, such claim would be ripe for review, but dismissible nevertheless.

It is well-established that a defendant has a due process right not to be sentenced on the basis of materially false information, however, that right is generally protected by "affording the defendant notice of and an opportunity to respond to information on which the court intends to rely in imposing sentence." *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948) & *United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997)). Indeed, New York State affords defendants due process protection against sentencing on the basis of misinformation through various statutory safeguards, such as the opportunity for a defendant to review and challenge the substance of the PSR. *See* N.Y. CRIM. PROC. LAW §§ 390.50 *et seq.* "Thus, the mere presence of hearsay or inaccurate information in a PSR does not constitute a denial of due process." *Hili v. Sciarrotta*, 140 F.3d at 216. Furthermore, within the Second Circuit, it is unequivocal that New York State probation officers who "prepar[e] and furnish[] [PSRs] to the courts, like federal probation officers, are entitled to absolute immunity from suits for damages." *Id*. at 214. As stated above, this Court must recommend dismissal when a plaintiff seeks to sue a party that is immune from relief. Based on the above discussion, Defendants Valicenti and Frisbee are absolutely immune from damages. And if the Probation Officers themselves are immune from suit, then it follows that the Probation Department too would not be on the hook. Thus, to the extent Plaintiff seeks damages from these Defendants for any alleged due process violation, not only does he fail to state a cause of action entitling him to relief, but he has also named Defendants who are protected by absolutely immunity.

*-6-*

### 3. Injunctive Relief

By his Complaint, Plaintiff seeks to have his PSR expunged from all files, including his inmate file, and for the Defendants to issue a new PSR, which shall replace the original PSR *in toto*. Presumably, in seeking a new PSR, it is Plaintiff's desire that the allegedly erroneous language be omitted, thus potentially elevating his chances of being found eligible to participate in various programs. Again, we refer to the discussion on ripeness above, but we are compelled to point out two other obstacles to Plaintiff pursuing this § 1983 action.

First, even if Plaintiff had pled that he had been denied access to certain programs, the relief he seeks cannot come from the named Defendants, but rather with the decision-making entity for which he was denied access to a program, *i.e.*, the parole board. As the Second Circuit noted, "[i]f defendant claims to be detrimentally affected by the use of an inaccurate PSR in decisionmaking as to parole or the conditions of his incarceration, he should challenge such use in the parole proceeding or seek injunctive relief against the relevant parole or correctional officials." *Hili v. Sciarrotta*, 140 F.3d at 216 (noting that the § 1983 complaint against a probation officer failed to state a claim upon which injunctive relief could be granted). The named Defendants are not in a position to purge any documents from Plaintiff's inmate file, or any other agency who may possess this document. Accordingly, there is no Defendant named upon which relief can be granted.

Second, and perhaps more importantly, Plaintiff's attack of the veracity of the information included in the PSR and his desire to have it amended reeks of what could amount to a challenge of the lawfulness of his sentence and therefore not cognizable under § 1983. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render

> a conviction *or sentence* invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction *or sentence* that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994) (emphasis added).

In challenging the veracity of information submitted to the sentencing judge, an award to Plaintiff in the form of amending the PSR could call into question the validity of his sentence. Thus, whether it be the current Defendants or if he had named individuals purportedly using the PSR to deny his access to programs, Plaintiff's § 1983 action is not cognizable absent proof that his sentence was reversed, expunged, declared invalid, or called into question. *Hili v. Sciarrotta*, 140 F.3d at 216 ("[W]ere relief to be sought against appropriate defendants [regarding the denial of parole] . . . that claim could be pursued only by means of a petition for habeas corpus[.]"). Thus, Plaintiff's § 1983 action should be dismissed as the improper vehicle to accomplish the relief being sought.

### 4. State Actor

Having determined that Plaintiff's action against the Probation Officers and the Probation Department should be dismissed, we address Plaintiff's inclusion of Defendant Kevin P. Conway, an attorney who represents victims in civil lawsuits against Plaintiff. Plaintiff asserts that Mr. Conway supplied the allegedly erroneous information to the Defendant Probation Officers which was included in the PSR. It is well-settled that parties may not be held liable under section 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719,

at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted).  No where in his Complaint does Plaintiff allege that Mr. Conway was acting under color of state law.  In fact, it is clear from his pleading that Mr. Conway was acting as a private attorney who had no role in the state criminal prosecution of Plaintiff, beyond being purportedly interviewed by the Probation Officers.  Thus Plaintiff's § 1983 action against Mr. Conway is not cognizable.  At best, Plaintiff has attempted to plead a state defamation claim against Mr. Conway, however, given the above discussion, the Court should dismiss the claim pursuant to 28 U.S.C. § 1367, which authorizes a federal court to decline to exercise supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed. 28 U.S.C. § 1367(c)(3).[4]

### III. CONCLUSION

Based on the above discussion, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 1) is **granted**; and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 1), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

---

[4] Moreover, if indeed Plaintiff was pursuing a common law action of defamation, which standing alone would not provide a basis for federal jurisdiction, we note that his Complaint does not plead in any fashion the possibility of diversity jurisdiction.  *See* 28 U.S.C. § 1332(b).

**RECOMMENDED**, that the Complaint be dismissed against Defendants Valicenti, Frisbee, and Greene County Probation Department, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for suing Defendants who are absolutely immune from relief; and it is further

**RECOMMENDED**, that the Court dismiss any § 1983 claims against Defendant Conway and decline to exercise supplemental jurisdiction of any state claim against Defendant Conway; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:   September 26, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge